***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except with minor modifications of the findings of fact.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At all times relevant to this claim, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. Coach USA, Inc. is the employer and INA is the carrier at risk on this claim.
3. Plaintiff was hired on or about June 30, 1998 and worked as a Coach Operator between June 30, 1998 and July 19, 1999.
4. The employer-employee relationship existed between Plaintiff and Defendant-Employer on July 19, 1999.
5. Plaintiff-employee developed a deep venous thrombosis (hereinafter "DVT") in his right leg on or about July 19, 1999, while on a trip in the employ of Coach USA, Inc.
6. The medical records presented at the March 22, 2001 hearing may be accepted as substantive evidence in this case of what each of the doctors would testify to under oath if he or she were present and examined at a hearing.
7. Each of the records identified in Paragraph 6 are authentic and admissible and, if relevant and material, may be received in evidence without further identification or proof.
8. The deposition of Thomas P. Mutton, M.D. is a part of the evidentiary record in this case.
 ***********
Based upon the competent and credible evidence, the Full Commission finds as fact and concludes as a matter of law the following:
 FINDINGS OF FACT
1. Plaintiff, age forty-eight (48) years, at the time of the deputy commissioner hearing in this matter worked for the Employer-Defendant on July 19, 1999 as a bus driver.
2. On July 19, 1999, while on a thirty-five (35) day bus trip out west, Plaintiff experienced pain in his right leg and went to the hospital in Vail, Colorado where he was diagnosed with DVT. As a result, Plaintiff could not finish the bus trip and flew back home.
3. Plaintiff returned to Winston-Salem, North Carolina, in July 1999 and came under the care of Dr. Thomas Mutton. Dr. Mutton confirmed Plaintiff's diagnosis of DVT and performed surgery to remove the clot. Dr. Mutton last saw Plaintiff on November 9, 1999.
4. Risk factors for DVT include smoking, dehydration, over-exertion, immobilization causing stasis in blood flow, injury to tissue, and hyper coagulable blood, among others. Plaintiff smoked fourteen (14) cigarettes a day in July of 1999.
5. Based on the facts presented to Dr. Mutton, he could not state to a reasonable degree of medical certainty whether Plaintiff was at a greater risk of developing DVT than the general public.
6. Dr. Mutton did not review Plaintiff's Driving Log from the trip but instead relied on the trip history as provided by Plaintiff.
7. Wayne Houser and Curt Williams, veteran bus drivers with seventy-nine (79) years experience in the bus transportation industry between them testified that they have never heard of a single DVT claim by a bus driver.
8. Dr. Mutton testified that one can contract DVT in either the case of driving a bus or riding in a car.
9. Dr. Mutton has treated six to eight outpatients per year with DVT since 1981; however, he did not find any similarities between previous cases and Plaintiff's case.
10. DVT risk factors include dehydration, over-exertion, cancer, and immobilization; these are factors to which the general public is regularly exposed.
11. Plaintiff failed to show that DVT is characteristic of bus driving.
12. Plaintiff failed to show that DVT is not an ordinary disease of life to which the public is equally exposed.
13. Plaintiff failed to show that his bus driving significantly contributed to, or was a significant causal factor in, the development of his DVT.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to show that DVT is characteristic of persons engaged in his particular trade, and he has failed to show that DVT is not an ordinary disease of life to which the public is equally exposed. Plaintiff has failed to show that his occupational exposure significantly contributed to, or was a significant causal factor in, the development of his DVT. N.C.G.S. § 97-53(13).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim is DENIED.
2. Each side shall bear its own costs, except the Defendants shall pay an expert witness fee of $300.00 to Dr. Thomas Mutton if not already paid.
This the ___ of February 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER